Steven A. Nielsen (CSB 133864)
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice admission to be filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Attorneys for Plaintiff
Inventergy LBS, LLC**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Inventergy LBS, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Laipac USA,**<br><br>    Defendant. | Case No. _____<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Inventergy LBS, LLC ("Inventergy"), through its attorneys, complains of Laipac USA ("Laipac"), and alleges the following:

**PARTIES**

1. Plaintiff Inventergy LBS, LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

1
Complaint with Jury Demand

2. Defendant Laipac USA is a corporation organized and existing under the laws of California that maintains its principal place of business at 18 Bartol Street # 119 San Francisco, CA 94133 USA.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Inventergy has suffered harm in this district.

## PATENTS-IN-SUIT

7. Inventergy is the assignee of all right, title and interest in United States Patent Nos. 8,760,286 (the "'286 Patent"); 8,154,401 (the "'401 Patent"); 9,219,978 (the "'978 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Inventergy possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '286 Patent

8. The '286 Patent is entitled "System and method for communication with a tracking device," and issued 6/24/2014. The application leading to the '286 Patent was filed on 4/10/2012, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '286 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '286 Patent is valid and enforceable.

### THE '401 PATENT

10. The '401 Patent is entitled "System and method for communication with a tracking device," and issued 4/10/2012. The application leading to the '401 Patent was filed on 2/9/2009, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '401 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '401 Patent is valid and enforceable.

### THE '978 PATENT

12. The '978 Patent is entitled "System and method for communication with a tracking device," and issued 12/22/2015. The application leading to the '978 Patent was filed on 6/24/2014, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '978 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13. The '978 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '286 PATENT

14. Inventergy incorporates the above paragraphs herein by reference.

15. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '286 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Laipac's S911 Lola (among the "Exemplary Laipac Products") that infringe at least exemplary claims 1 of the '286 Patent (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '286 Patent Claims, by having its employees internally test and use these Exemplary Products.

17. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here. Moreover, prior to the filing of this complaint, Defendant had actual knowledge of the '286 Patent and that its Exemplary Laipac Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States, based on a Letter sent to Laipac on 5/21/2018 (the "Letter"). In addition to actual knowledge of the '286 Patent, prior to the filing of this complaint, the Letter also imparted actual knowledge upon Laipac that the Exemplary Laipac Products, and the use by consumers of those products, in the customary and intended manner, is likely to infringe the '286 Patent.

18. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '286 Patent. On information and belief, Defendant has also continued to sell the Exemplary Laipac Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '286 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '286 Patent.

19. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '286 Patent, literally or by the doctrine of equivalence, by selling Exemplary Laipac Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

20. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '286 Patent, literally or by the doctrine of equivalence, by selling Exemplary Laipac Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

21. Exhibit 4 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary Laipac Products. As set forth in these charts, the Exemplary Laipac Products practice the technology claimed by the '286 Patent. Accordingly, the Exemplary Laipac Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

22. Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23. Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '401 PATENT

24. Inventergy incorporates the above paragraphs herein by reference.

25. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '401 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Laipac Products that infringe at least exemplary claims 1 of the '401 Patent (the "Exemplary '401 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the

claims of the '401 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '401 Patent Claims, by having its employees internally test and use these Exemplary Products.

27.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here. Moreover, prior to the filing of this complaint, Defendant had actual knowledge of the '286 Patent and that its Exemplary Laipac Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States, based on a Letter sent to Laipac on 5/21/2018 (the "Letter"). In addition to actual knowledge of the '286 Patent, prior to the filing of this complaint, the Letter also imparted actual knowledge upon Laipac that the Exemplary Laipac Products, and the use by consumers of those products, in the customary and intended manner, is likely to infringe the '286 Patent.

28.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '401 Patent. On information and belief, Defendant has also continued to sell the Exemplary Laipac Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '401 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '401 Patent.

29.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '401 Patent, literally or by the doctrine of equivalence, by selling Exemplary Laipac Products to their customers for use in end-user products in a manner that infringes one or more claims of the '401 Patent.

30. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '401 Patent, literally or by the doctrine of equivalence, by selling Exemplary Laipac Products to their customers for use in end-user products in a manner that infringes one or more claims of the '401 Patent.

31. Exhibit 5 includes charts comparing the Exemplary '401 Patent Claims to the Exemplary Laipac Products. As set forth in these charts, the Exemplary Laipac Products practice the technology claimed by the '401 Patent. Accordingly, the Exemplary Laipac Products incorporated in these charts satisfy all elements of the Exemplary '401 Patent Claims.

32. Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

33. Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '978 PATENT

34. Inventergy incorporates the above paragraphs herein by reference.

35. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '978 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Laipac Products that infringe at least exemplary claims 1 of the '978 Patent (the "Exemplary '978 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '978 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '978 Patent Claims, by having its employees internally test and use these Exemplary Products.

37. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here. Moreover, prior to the filing of this complaint, Defendant had actual knowledge of the '286 Patent and that its Exemplary Laipac Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States, based on a Letter sent to Laipac on 5/21/2018 (the "Letter"). In addition to actual knowledge of the '286 Patent, prior to the filing of this complaint, the Letter also imparted actual knowledge upon Laipac that the Exemplary Laipac Products, and the use by consumers of those products, in the customary and intended manner, is likely to infringe the '286 Patent.

38. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '978 Patent. On information and belief, Defendant has also continued to sell the Exemplary Laipac Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '978 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '978 Patent.

39. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '978 Patent, literally or by the doctrine of equivalence, by selling Exemplary Laipac Products to their customers for use in end-user products in a manner that infringes one or more claims of the '978 Patent.

40. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '978 Patent, literally or by the doctrine of equivalence, by selling Exemplary Laipac Products to their

customers for use in end-user products in a manner that infringes one or more claims of the '978 Patent.

41. Exhibit 6 includes charts comparing the Exemplary '978 Patent Claims to the Exemplary Laipac Products. As set forth in these charts, the Exemplary Laipac Products practice the technology claimed by the '978 Patent. Accordingly, the Exemplary Laipac Products incorporated in these charts satisfy all elements of the Exemplary '978 Patent Claims.

42. Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

43. Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

44. Under Rule 38(b) of the Federal Rules of Civil Procedure, Inventergy respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Inventergy respectfully requests the following relief:

A. A judgment that the '286 Patent is valid and enforceable;

B. A judgment that the '401 Patent is valid and enforceable;

C. A judgment that the '978 Patent is valid and enforceable;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '286 Patent;

E. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '401 Patent;

F. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '978 Patent;

G.  An accounting of all damages not presented at trial;

H.  A judgment that awards Inventergy all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Inventergy for Defendant's infringement, an accounting:

   i.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Inventergy be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii. that Inventergy be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Inventergy be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: September 9, 2019          Respectfully submitted,

/s/ Steven A. Nielsen
Steven A. Nielsen
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice admission to be filed*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Inventergy LBS, LLC**